John F. Keough
vs. } No. 92074
Patrick J. Duggan

April 12, 1935.

POULIOT, J. This is an action of negligence, in which a jury returned a

verdict for the plaintiff in the sum of $350, now before the Court on defendant's motion for a new trial.

This accident happened nearly opposite the Strand Theatre in Pawtucket on a Saturday afternoon. The plaintiff's claim is that he had come along the westerly sidewalk of East Avenue, heading in a southerly direction. When near the theatre he decided to cross the street. He stopped on the curbing and looked to his left, to the north, and had an unobstructed view clear up to Main Street, a distance of at least 200 feet. There were automobiles parked along the westerly curb, but there was no vehicle in motion within his vision. In front of him, slightly to his left, about 8 to 10 feet, was a stopped trolley car standing on the westerly car track, there being two car tracks on East Avenue at that point. He started to cross. When he got beyond the easterly side of the trolley car, he looked to his left, saw no vehicle approaching and went on. He took two or three short steps and was struck by defendant's car. He heard no horn blown. He did not see the defendant's car at any time prior to being hit. Insofar as the plaintiff's evidence is concerned, we have no information as to where defendant's car was at the time plaintiff left the shelter of the trolley car, we know nothing about the speed at which defendant's car was being operated, nor is there any evidence that, after the defendant observed or should have observed the plaintiff's danger, the defendant's car could have been stopped in time to avoid a collision.

The only evidence of the defendant's conduct comes from the defendant himself. He states he came down High Street, which becomes East Avenue south of Main Street, crossed Main Street and proceeded along East Avenue with the left wheels of his car between the rails of the easterly car track and his right wheels in the space between the easterly and the westerly car tracks. As he approached the standing trolley car which he was to pass on the left, he reduced the speed of his car. When about half way by the trolley car, he blew his horn. He first saw the plaintiff when he, the defendant, was about opposite the door to the platform at the southerly end of the car. While there is no evidence of the distance between the driver's seat and the front end of his auto, the Court will estimate, for the purpose of this hearing only, that it was at least 5 feet; this would bring the front end of defendant's car about 2 feet to the south beyond the end of the trolley car. At that time, the plaintiff was about 8 feet to the south of the trolley car, about in the center of the westerly track, looking to his right and headed easterly to cross the street. The defendant sounded his horn and applied his brakes. The plaintiff walked into the side of the automobile's left front fender and the defendant's car stopped within a distance of one foot from the point where the collision occurred.

The Court cannot conscientiously say that, from any analysis of the evidence, the plaintiff substantiated his claim by a fair preponderance. On the contrary, the only evidence which explains the accident comes from the defendant. If we believe it, there is no negligence on his part. If we disregard it, then all we have is that an accident happened. The jury undoubtedly based its verdict on the argument, cleverly developed, of plaintiff's counsel that defendant's car could have come from behind, or from the north of, the standing trolley car, and thus have been hidden from plaintiff's view when he looked. This is pure speculation and cannot be entertained.

The Court feels that the jury erred in returning its verdict and therefore grants defendant's motion for a new trial.

For plaintiff: Woolley & Blais.

For defendant: Fergus J. McOsker.